

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Governor:

Opinion No. O-2438
Re: As to the authority of the
Governor to pay the reward
to the sheriff for the ar-
rest, delivery and convict-
ion of a fugitive, where
the fugitive has been shot
by the sheriff in resist-
ing arrest?

We acknowledge receipt of your letter of May 31, 1940, as follows, to-wit:

"Enclosed is a file from W.W. Richardson, Sheriff of Jefferson County, Texas, who requests a reward for capturing a criminal named T.J. 'Red' Coleman. Attached to the file of Sheriff Richardson's letter is a proclamation issued by Governor O'Daniel offering a reward of $250.00 for 'information leading to the arrest, delivery and conviction of said T. J. 'Red' Coleman to the sheriff of Hardin County, Texas, inside the jail door of said County."

"Will you please render us a decision as to whether or not the Sheriff's actions as evidenced by the affidavit in his file allow Governor O'Daniel to pay the reward that was authorized by the enclosed proclamation, No. 977."

The sheriff's affidavit accompanying his claim of the reward discloses the following:

"On the afternoon of April 11th, A. D., 1940, acting on information which I had received, I left Beaumont to go to Kountze, Texas, in an attempt to locate and arrest Thomas J.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

'Red' Coleman. I was accompanied by J. H. Allen, E. T. Poole, Homer French, Sr., all Deputy Sheriffs in Jefferson County, Texas. When I reached Kountze, I asked Mr. Miles Jordan, Sheriff of Hardin County to go with me to the house where this man was supposed to be. It is located about five miles south-west of the town of Kountze, andis in the edge of the 'Big-Thicket'. When we reached the house where Coleman was staying, all of us got out and surrounded the house. He was not in the house but was later located in a corn-crib about fifty yards from the house. I called to him to come out with his hands up but he answered us with a blast of gun fire, and we were forced to fire for out own protection, which resulted in his death."

It is the opinion of this department that Sheriff Richardson, under the facts disclosed by his affidavit and supporting proof, is entitled to the reward offered by your Excellency.

The relative rights of one offering a reward and of one claiming it are ordinarily determined by the law of contract. This is especially true where the officer is a private person. The reward constitutes the offer of contract and the performance of the thing to be rewarded constitutes the acceptance. Ordinarily, the one claiming the reward offered by a private person would have to know of the offer before his performance of service could be construed as an acceptance of the offer.

Where, however, the reward is by virtue of a statute, or what is the same thing in legal effect is one offered by the Governor pursuant to lawful authority, it is not so definitely a contract. It does, of course, contain many of the elements of a contract, but with respect to the requirements of a previous knowledge of the offer, the rule and better reason, we think, seem not to require such previous knowledge.

In Broadnax vs. Ledbetter, (Tex.) 99 S. W. 1111, the Supreme Court said:

Honorable W. Lee O'Daniel, Page 3

"While we have seen no such distinction
suggested, it may well be supposed that a per-
son might become legally entitled to a reward
for arresting a criminal, although he knew
nothing of its having been offered, where it
is or was offered in accordance with law by
the Government. A legal right might in such a
case be given by law without the aid of con-
tract. But the liability of the individual
citizen must arise from a contract binding
him to pay."

This language possibly is a dictum, nevertheless
it has been quoted and followed by the Supreme Court of
Nevada in Smith vs. State, 151 Pac. 512.

Moreover, we assume the fact to be that Sheriff
Richardson did know of the reward and sought to make the
arrest because thereof.

Whether the reward offered by a private person
or by the Government itself, nevertheless, before one can
claim the reward, he must have co plied at least substantial-
ly with the terms and conditions of the offer. (See 36 Tex.
Jur. p. 967 § 6)

The question recurs therefore whether or not
Sheriff Richardson has complied substantially with the
offer by the Governor.

The offer contained in the proclamation was
"for information leading to the arrest, delivery and con-
viction of said T. J. 'Red' Goleman to the Sheriff of Har-
din County, Texas, inside the jail door of said county,"
whereas, Goleman was never arrested, delivered or convict-
ed; but on the contrary, was killed while resisting arrest.

Whether or not there has been a substantial com-
pliance with the offer of the reward on the part of the
sheriff, is a most interesting question, and one that has
never arisen in the courts of this State, but does appear
to have been decided by the Supreme Court of Nevada in
Smith vs. State, supra. It is there said:

"The fact upon which the second question
must be determined has no parallel in the re-

ported cases, and yet we think precedent exists for a rule which is applicable to the facts of this case. The offer of the reward was 'for the arrest and conviction of the person or persons guilty of the murder of Harry Cambron and three associates.' There was neither arrest nor conviction, for the reason that the persons 'guilty of the murder' were all killed while resisting arrest. The persons composing theposse were authorized to make an arrest of the murderers. Rev. Laws, § 6954. The taking of the lives of the murderers, while resisting arrest by force of arms, was also justifiable. Rev. Laws, §§ 6396, 6397. As said in the notes to the case of Elkins v. Wyandotte County, supra: 'In construing rewards offered for arrest and conviction, the courts have been inclined to look with disfavor on a too technical interpretation of the word "conviction."' 46 L.R.A. (N.S.) 664.

"The author of the note also says: 'One who offers a reward for the performance of a certain service may prescribe any terms he may wish, but, as experience has shown that many persons are profuse in thier promises and slow in meeting them, and are inclined to take advantage of mere technicalities in order to avoid carrying out their end of the agreement, courts have often, as in Elkins v. Wyandotte County, held that substantial compliance with the terms is sufficient, especially where a literal compliance would be impossible.'

"The Supreme Court of Connecticut in Re Kelly, 39 Conn. 159, held: 'That the statute ought to receive an equitable, not a strict or technical, construction, and that, so construed, the petitioner was fairly within its provisions' and entitled to the reward.

"In Haskell v. Davidson, 91 Me. 483, 42 L. R. A. 155, 64 Am. St. Rep. 254, 40 Atl. 330, it was held: 'An offer of a reward for "the arrest and conviction" of an offender cannot be taken literally.'

Honorable W. Lee O'Daniel - Page 5

"The case of Mosely v. Stone, 108 Ky. 492, 56 S. W. 965, is analogous to the one at bar. It was therein held: 'Plaintiff is entitled to a reward offered by the governor for the arrest of a fugitive and his delivery to the jailer, though in making the arrest he wounded the fugitive so that he died before he could be delivered to the jailer.'

"In the case at bar the arrest and conviction of the persons for whom the reward was offered was rendered impossible by reason of their being killed while resisting arrest. Their killing, in the manner detailed in the agreed statement of facts, was justifiable, and operated as a lawful excuse for non-compliance with the full conditions of the reward. It is our conclusion that there has been shown a substantial compliance with the conditions of the reward, and the respondents are entitled to recover."

We concur in the reasoning and conclusion of the Nevada Supreme Court. It is our opinion that Mr. Richardson has correctly summarized the matter in his letter of claim, as follows:

"In view of the foregoing facts we feel that we have saved the State of Texas quite a sum of money in excess of your reward, and at the same time furthered the interest of society."

In judicial language we think the sheriff has substantially complied with the terms of the Governor's proclamation offering the reward, and that he is entitled to receive the same.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                    /s/
                  Ocie Speer
                  Assistant

OS-MR

APPROVED JUN 11, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By /s/ B.W.B., Chairman